**RECORD NO. 12-4266**

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**JAMES ERNEST LESPIER,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT BRYSON CITY**

## REPLY BRIEF OF APPELLANT

**M. Gordon Widenhouse, Jr.**
**RUDOLF WIDENHOUSE & FIALKO**
**312 West Franklin Street**
**Chapel Hill, North Carolina 27516**
**(919) 967-4900**

***Counsel for Appellant***

**THE LEX GROUP** ♦ **1108 East Main Street** ♦ **Suite 1400** ♦ **Richmond, VA 23219**
**(804) 644-4419** ♦ **(800) 856-4419** ♦ **Fax: (804) 644-3660** ♦ **www.thelexgroup.com**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. THE DISTRICT COURT ERRED IN DENYING JAMES LESPIER'S MOTION FOR JUDGMENT OF ACQUITTAL WHERE SUBSTANTIAL EVIDENCE SHOWED THE KILLING OCCURRED DURING A TENSE AND EMOTIONAL ENCOUNTER BETWEEN HIM AND AMANDA SMITH AND NOT A KILLING AFTER PREMEDITATION AND DELIBERATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A. Proof of premeditation and deliberation was lacking even in a light most favorable to government . . . . . . . . . . . . . . . . . . 2

B. Insufficient Evidence of Use of a Firearm During a Murder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. THE DISTRICT COURT ERRED IN FAILING TO INSTRUCT ON THE LESSER INCLUDED OFFENSE OF SECOND DEGREE MURDER, AS URGED BY THE GOVERNMENT, BECAUSE THE JURY COULD HAVE FOUND THE EVIDENCE LACKING ON PREMEDITATION OR DELIBERATION YET BELIEVED JAMES LESPIER KILLED MANDI SMITH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. THE DISTRICT COURT ERRED IN ADMITTING TESTIMONY THAT JAMES LESPIER HAD PREVIOUSLY THREATENED OR BEEN VIOLENT TOWARD MANDI SMITH BECAUSE THIS EVIDENCE HAD MINIMAL PROBATIVE VALUE AND SHOWED AN IMPERMISSIBLE PROPENSITY TOWARD VIOLENCE . . . . . . . . . . . . . . . . . . . . . . . 6

IV. THE DISTRICT COURT ERRED IN EXCLUDING EXPERT TESTIMONY ABOUT JAMES LESPIER'S SLEEP DEPRIVATION AND HOW IT EXPLAINED THE SEEMING INCONSISTENCIES IN HIS VARIOUS ACCOUNTS OF THE SHOOTING, WHICH WOULD HAVE ASSISTED THE JURY IN DETERMINING THESE MINOR DISCREPANCIES DID NOT AMOUNT TO FALSE STATEMENTS SHOWING A CONSCIOUSNESS OF GUILT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Austin v. United States*,
383 F.2d 129 (D.C. Cir. 1967), *overruled on other grounds*, *United States v. Foster*, 783 F.2d 1082 (D.C. Cir. 1986) . . . . . 3

*Beck v. Alabama*,
447 U.S. 625 (1980) . . . . . 5

*Chambers v. Mississippi*,
414 U.S. 284 (1973) . . . . . 8

*Chapman v. California*,
386 U.S. 18 (1967) . . . . . 10

*Keeble v. United States*,
412 U.S. 205 (1973) . . . . . 6

*Michelson v. United States*,
335 U.S. 469 (1948) . . . . . 6

*Perry v. New Hampshire*,
132 S. Ct. 730 (2012) . . . . . 9

*United States v. Console*,
13 F.3d 641 (3d Cir. 1993) . . . . . 5

*United States v. Hernandez*,
975 F.2d 1035 (4th Cir. 1992) . . . . . 7

*United States v. Herrera*,
23 F.3d 74 (4th Cir. 1994) . . . . . 5

*United States v. Hickman*,
626 F.3d 756 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Hopkins*,
310 F.3d 145 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Johnson*,
617 F.3d 286 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Nyman*,
642 F.3d 208 (4th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Silvia*,
881 F.2d 1070 (4th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Tucker*,
835 F.2d 876 (4th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Wright*,
131 F.3d 1111 (4th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Wood*,
207 F.3d 1222 (10th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**RULES**

Fed. R. Crim. P. 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Evid. 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

# ARGUMENTS

## I. THE DISTRICT COURT ERRED IN DENYING JAMES LESPIER'S MOTION FOR JUDGMENT OF ACQUITTAL WHERE SUBSTANTIAL EVIDENCE SHOWED THE KILLING OCCURRED DURING A TENSE AND EMOTIONAL ENCOUNTER BETWEEN HIM AND AMANDA SMITH AND NOT A KILLING AFTER PREMEDITATION AND DELIBERATION.

The circumstantial evidence presented at trial lacked substantial proof of premeditation, deliberation, and specific intent to kill. As the government properly recognized [Brief of the United States at 31], the district court itself observed, "the government's evidence in this case as to both counts is thin," added for emphasis, "I would say that is an understatement," and reiterated during the charge conference, "this is a case where we're stretching the concept a bit [on premeditation, deliberation, and specific intent to kill], remember, and we're stretching that concept a bit for the government to even get its case to the jury . . . ." [JA 1144, 1353] The only check on a district court's failure to follow its instinct and dismiss a charge where the evidence is thin is for this Court to act and reverse. *See United States v. Wood*, 207 F.3d 1222, 1229 (10th Cir. 2000) (where district court "was troubled by the implications of [denying Rule 29 motion]," appellate court reversed conviction). Indeed, although Mr. Lespier's burden is "heavy . . . it is by no means insurmountable." *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010).

### A. Proof of premeditation and deliberation was lacking even in a light most favorable to government.

With respect to the murder charge itself, the government's proof was inadequate. All the evidence indicated the gun discharged during the course of the struggle, an argument, or a hostile encounter. Contrary to the government's claim at trial, the shooting was not an "execution style" killing. The government itself explains Mr. Lespier and Smith "argued" and she "tried to get away but made it only as far as the driveway with her travel bag." [Brief of the United States at 43] Even if, as the government argues, Mr. Lespier unlocked the gun safe and grabbed a revolver and later moved her body during which he got blood on himself [Brief of the United States at 43-44], this evidence raises only an inference of intentional conduct, not a premeditated and deliberate act. Premeditation means with planning or thought beforehand. Both Mr. Lespier and Smith were in close proximity to one another; both of their hands were close to the gun; both had gunshot residue on *both* of their hands. [JA 815-16] The government's own evidence showed the killing happened during an argument and a struggle.

The government ignores the evidence from its own witnesses that Mr. Lespier took a prescription pill from Smith, who became angry and cursed at him. She had a blood alcohol content of .25, almost three times the legal limit. [JA 736-37] This

evidence simply does not rise to the "substantial evidence" necessary to prove guilt of premeditated and deliberate murder beyond a reasonable doubt.

The government does not contest the potential for a blurred distinction between first and second degree murder that favors "careful attention to the requirement of premeditation and deliberation." *Austin v. United States*, 383 F.2d 129, 133-36 (D.C. Cir. 1967), *overruled on other grounds*, *United States v. Foster*, 783 F.2d 1082, 1085 (D.C. Cir. 1986). [Brief of the United States at 39-45] Likewise, the government does not deal with the historical fact that it initially indicted Mr. Lespier for second degree murder, and only later obtained a superceding indictment for first degree murder after Mr. Lespier retained counsel and refused to plead guilty to second degree murder. [JA 1387-89] Whatever the motivation for the government's action, this development reveals the prosecutorial position that the killing was not premeditated and deliberate, a position similarly reflected in the government's strenuous request for an instruction on second degree murder. The district court should have dismissed the charge of murder in the first degree.

**B. Insufficient Evidence of Use of a Firearm During a Murder.**

The indictment charged Mr. Lespioer used a firearm during a "murder. [JA 15] Assuming the evidence was sufficient to show he used a firearm, it did not show he committed murder. Accordingly, the district court should have dismissed the charge of using a firearm during a murder.

## II. THE DISTRICT COURT ERRED IN FAILING TO INSTRUCT ON THE LESSER INCLUDED OFFENSE OF SECOND DEGREE MURDER, AS URGED BY THE GOVERNMENT, BECAUSE THE JURY COULD HAVE FOUND THE EVIDENCE LACKING ON PREMEDITATION OR DELIBERATION YET BELIEVED JAMES LESPIER KILLED MANDI SMITH.

Both at trial and on appeal, the government commendably agrees the district court should have instructed the jury on second degree murder because some evidence existed from which a jury might have inferred the killing occurred without premeditation, deliberation, or a specific intent to kill. [Brief of the United States at 49; JA 1391-93] The government introduced Mr. Lespier's statements that Smith had shot at him; they wrestled for the gun; and the gun discharged as they struggled. [JA 305, 398, 408-09, 453, 454-55, 569, 910] Taken in a light most favorable to Mr. Lespier, this evidence suggested the shooting was done without premeditation, deliberation, or a specific intent to kill. The district court should have instructed the jury on the lesser included offense of second degree murder when it was requested by the government and supported by the evidence, even in the face of Mr. Lespier's objection.[1] *See United States v. Tucker*, 835 F.2d 876 (4th Cir. 1987) (unpublished).

The government does not appear to dispute the basic proposition that a district court must instruct on second degree murder if more than one inference may be drawn about the murder being premeditated and deliberate. Only where the evidence is clear

---

[1]The government ignores *Tucker* as well as *United States v. Silvia*, 881 F.2d 1070 (4th Cir. 1989) (unpublished). [Brief of the United States at 46-50]

and positive as to each element of the charged offense, and no evidence exists from which the jury might find the lesser included offense, may the district court decline to submit the lesser charge. Likewise, the government does not contest that this rule was developed initially as an aid to the prosecution. *Beck v. Alabama*, 447 U.S. 625, 633 (1980). Contrary to *Silvia* and *Tucker*, the district court rejected the government's insistence on the submission of second degree murder.[2]

Having acknowledged the evidence required an instruction on second degree murder and its strenuous request for such an instruction at trial [Brief of the United States at 49], the government invokes the doctrine of invited error. [Brief of the United States at 46-50] But the cases upon which the government primarily relies are distinguishable because they involve a request by the defendant that inured to his benefit, i.e. he requested an instruction on a lesser included offense, which was granted, and the jury convicted of the lesser crime. *See United States v. Herrera*, 23 F.3d 74 (4th Cir. 1994) (defendant requested instruction on aiding and abetting and jury convicted on that lesser basis); *see also United States v. Hopkins*, 310 F.3d 145 (4th Cir. 2002) (jury convicts of lesser included offense requested by defendant); *accord United States v. Console*, 13 F.3d 641, 660 (3d Cir. 1993). These cases hardly compel the application of the invited error doctrine to this case. Moreover, the

---

[2]As this Court has explained, the district court is obligated to charge on any offense supported by the evidence. *United States v. Wright*, 131 F.3d 1111, 1112 (4th Cir. 1997).

district court should have followed circuit precedent especially when the government requested it to do so.

The prejudice to Mr. Lespier is readily apparent. Faced with evidence that he plainly did something and given no option other than conviction of first degree murder, the jury did just what *Keeble v. United States*, 412 U.S. 205, 212 (1973), feared: it "resolve[d] its doubts in favor of conviction." This result is manifestly unjust. Accordingly, Mr. Lespier must receive a new trial.

## III. THE DISTRICT COURT ERRED IN ADMITTING TESTIMONY THAT JAMES LESPIER HAD PREVIOUSLY THREATENED OR BEEN VIOLENT TOWARD MANDI SMITH BECAUSE THIS EVIDENCE HAD MINIMAL PROBATIVE VALUE AND SHOWED AN IMPERMISSIBLE PROPENSITY TOWARD VIOLENCE.

This Court has recently clarified the somewhat elusive principles undergirding the use of prior acts evidence under Rule 404(b), reminding district courts to consider relevance, necessity, reliability, and absence of unfair prejudice. *United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010). Here the challenged evidence was minimally, if at all, relevant, was highly prejudicial. and showed improper propensity. The government does not dispute the notion that this evidence may "weigh too much with the jury" and tend to "overpersuade them as to prejudge one with a bad general record and denying him with a fair opportunity to defend against a particular charge." *Michelson v. United States*, 335 U.S. 469, 475-76 (1948).

The main point of this argument is that the challenged testimony came from several witnesses related to Smith, making its reliability suspect, and dealt with observations about her relationship with Mr. Lespier that happened many years before the incident in question, making its relevance suspect. It did not have the required nexus to the fact the government was trying to prove at trial: that Mr. Lespier shot Smith intentionally. Much of the evidence also was internally inconsistent and did not contain any credible expression of his intent to kill Smith or do her serious bodily harm. The government never comes to grips with the gravamen of the argument. Without the necessary logical connection to the fact the evidence was offered to prove, it did not meet the stringent requirements of *Johnson* and the other cases upon which Mr. Lespier relied.[3] [Brief of Appellant at 36-42]

The testimony did not tend to show Mr. Lespier premeditated the shooting, assuming he shot Smith, or shot her after deliberation. There was no logical connection between prior acts and material fact at issue. Thus, the primary effect of this challenged evidence was to show propensity, which is what Rule 404(b) prohibits.

---

[3]Although the government correctly noted Mr. Lespier's reliance on *United States v. Hernandez*, 975 F.2d 1035 (4th Cir. 1992), [Brief of the United States at 38] he also presented a number of other decisions from this Court. All of these cases were noted for the paradigm through which Rule 404(b) is applied with particular reference to the specific evidence offered by the government against him and why it was not relevant, reliable, and necessary. [Brief of Appellant at 36-43]

The prejudice from this error is readily apparent. At both trial and on appeal the government agreed second degree murder should have been submitted to the jury. This instruction would only be appropriate if the evidence of a premeditated and deliberate murder was in question. As previously noted, the district court itself explained "the government's evidence in this case as to both counts is thin, and I would say that is an understatement" and "this is a case where we're stretching the concept a bit [on premeditation, deliberation, and specific intent to kill], remember, and we're stretching that concept a bit for the government to even get its case to the jury . . . ." [JA 1144, 1353] In this scenario, the challenged testimony likely affected the verdict. Because it is not "highly probable that the error did not affect the judgment," *United States v. Nyman*, 642 F.3d 208, 211-12 (4th Cir. 1980), a new trial is required.

**IV. THE DISTRICT COURT ERRED IN EXCLUDING EXPERT TESTIMONY ABOUT JAMES LESPIER'S SLEEP DEPRIVATION AND HOW IT EXPLAINED THE SEEMING INCONSISTENCIES IN HIS VARIOUS ACCOUNTS OF THE SHOOTING, WHICH WOULD HAVE ASSISTED THE JURY IN DETERMINING THESE MINOR DISCREPANCIES DID NOT AMOUNT TO FALSE STATEMENTS SHOWING A CONSCIOUSNESS OF GUILT.**

Unquestionably, James Lespier possessed a constitutionally protected right to present evidence in his own behalf. *See Chambers v. Mississippi*, 414 U.S. 284 (1973). Here, he proffered the testimony of John Clement, a nationally certified psychologist and expert in how sleep deprivation impairs cognitive functioning. [JA

20-21] He wanted an expert in sleep deprivation to explain this concept so the jury would better understand the purported inconsistencies in his several statements about the shooting of Mandi Smith–evidence of especial significance given the government's emphasis on these "inconsistencies" in its case, not to mention the jury instruction on false statements by a defendant that showed a "consciousness of guilt."

The district court excluded it because it deemed the expert explanation to be merely something the defense attorney could argue to the jury. [JA 220] But this proffered testimony would given the jury a scientific basis for the contention, something far more compelling than a "common sense" argument by Mr. Lespier's lawyer. He would have opined that sleep deprivation psychologically impaired Mr. Lespier's cognitive function and explained how his inconsistent statements were not necessarily false.

Indeed, the Supreme Court has recently noted the importance of expert testimony about matters that could be within the lay jury's common sense understanding. *See Perry v. New Hampshire*, 132 S. Ct. 730, 728-29 (2012) (noting relevance of expert testimony concerning cross-racial identification). The government's suggestion that this testimony was properly excluded because defense counsel could have argued it to the jury is not compelling. [Brief of the United States at 60-61] This testimony was not merely to state that memories are "imperfect" or "fade with the passage of time." [Brief of the United States at 61] Rather, this expert

opinion would have provided the jury with a scientific basis for why Mr. Lespier's statements might have been inconsistent yet not necessarily false. The expert would have discussed numerous studies about sleep deprivation and its impact on attention and working memory. These studies reveal and document how sleep deprivation leads to mistakes in memory. He would opine that cognitive functioning begins to deteriorate measurably after 16 hours of wakefulness. [Brief of Appellant at 46-47] It would have given the jury an understanding for the inconsistencies, which would have been extremely helpful given the manner in which the government used these statements and relied on them in its arguments, coupled with the district court's instruction about them.

The exclusion of this proffered evidence violated James Lespier's constitutional rights to present a defense and to due process of law. The government must show this error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18 (1967). Yet the government itself continues to acknowledge the district court should have instructed the jury on the lesser included offense of second degree murder. [Brief of the United States at 49] This concession reflects the notion that the evidence was not overwhelming as to a premeditated and deliberate killing. Indeed, the government used the arguably false statements to show Mr. Lespier's consciousness of guilt and the premeditated nature of the killing. In some cases, the improper exclusion of evidence may not adversely impact a trial and be

deemed harmless. This case is not one of those situations. Thus, James Lespier must be granted a new trial.

## CONCLUSION

For the reasons stated herein, as well as in his opening brief, James Lespier respectfully requests that the judgments be vacated or, in the alternative, that he be granted a new trial.

This the 14th day of March, 2013.

/s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
RUDOLF WIDENHOUSE & FIALKO
312 West Franklin Street
Chapel Hill, North Carolina 27516
(919) 967-4900

*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*2,584*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Corel WordPerfect 12*] in [*14pt Times New Roman*]; *or*

   [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: March 14, 2013

/s/ M. Gordon Widenhouse, Jr.
*Counsel for Appellant*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 14th day of March, 2013, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Donald D. Gast
Amy E. Ray
OFFICE OF THE U.S. ATTORNEY
100 Otis Street, Suite 233
Asheville, North Carolina 28801
(828) 271-4661

*Counsel for Appellee*

I further certify that I caused the required copies of the Reply Brief of Appellant to be hand filed with the Clerk of the Court.

/s/ M. Gordon Widenhouse, Jr.
*Counsel for Appellant*